MYERS, J.,
for the Court.
¶ 1. This cause of action originated in the County Court of Rankin County. Vincent Pack brought suit on behalf of his *178 minor son, Johnny Pack, against Karen Pack, Johnny’s mother, for injuries Johnny sustained as a result of Karen’s negligence. In addition, Karen filed a direct action against Nationwide Mutual Fire Insurance Company (Nationwide) seeking damages based on her negligent conduct. The two cases were consolidated by the county court. Each side filed motions on the contested issue of parental immunity. The county court granted Nationwide’s motion for summary judgment and denied the summary judgment motion filed on behalf of Johnny Pack. The matter was then appealed to the Circuit Court of Rankin County which affirmed the decision of the county court. The Packs appeal from this decision and raise the following issue.
DOES THE DOCTRINE OF PARENTAL IMMUNITY BAR THE CLAIM OF JOHNNY PACK AGAINST HIS MOTHER, KAREN PACK?
STATEMENT OF FACTS
¶ 2. On September 16, 1999, Johnny Pack, the four-year-old son of Vincent and Karen Pack, was struck by a car when he wandered onto a road adjacent to the home of Karen Pack’s mother and aunt. At the time of the accident, Karen Pack was visiting her family members. Karen admitted that she was not watching Johnny at the time the accident occurred. Johnny suffered serious permanent injuries as a result of the accident. Karen and Vincent Pack had a mobile home insurance policy with Nationwide that contained the following provision:
Section II, Coverage E — Personal Liability
We will pay damages the insured is legally obligated to pay due to bodily injury or property damage.
Based upon this policy, Vincent brought suit in the County Court of Rankin County against Karen and Nationwide on behalf of Johnny for negligent supervision. Karen filed a separate claim against her insurance carrier, Nationwide. The two cases were later consolidated. Karen admitted that she was negligent in her supervision of Johnny at the time of the accident.
¶ 3. Both sides agreed that the central issue in the case was parental immunity and each side filed motions for summary judgment on the issue. Nationwide contended that it was not obligated to pay for Johnny’s injury because the tortfeasor was his mother, Karen. Nationwide claimed that parental immunity barred Johnny’s suit against his mother. Vincent and Karen Pack contended that parental immunity should not bar Johnny’s claim. They cited the case of Glaskox By and Through Denton v. Glaskox, 614 So.2d 906 (Miss.1992), wherein the supreme court partially abrogated the doctrine of parental immunity in situations where the parent is negligent in the operation of a motor vehicle. The Packs argued that Glaskox should be extended to this case and therefore parental immunity should not be a bar to Johnny Pack’s claim.
¶ 4. The county court granted Nationwide’s motion for summary judgment and denied the Packs’ motion for summary judgment. A final judgment was entered reflecting the county court’s decision. From the final judgment, the Packs timely appealed their case to the Circuit Court of Rankin County. Based on identical legal theories, the Circuit Court of Rankin County affirmed the final judgment of the county court. From this decision, the Packs appeal to this Court for resolution of the issue of parental immunity.
LEGAL ANALYSIS
DOES THE DOCTRINE OF PARENTAL IMMUNITY BAR THE CLAIM OF JOHNNY PACK AGAINST HIS MOTHER, KAREN PACK?
¶ 5. In the present case, the Packs ask this Court to re-visit the long *179 standing doctrine of parental immunity. The doctrine of parental immunity bars an unemancipated child from suing his parents for injuries caused by the negligence of the parents. Hewellette v. George, 68 Miss. 703, 711, 9 So. 885, 887 (1891). Parental immunity was not a product of English common law but was first adopted as a rule of law in this state by the Hewellette case. The court, in Hewellette, based parental immunity on the “obligations of parents to care for, guide, and control children and the children’s duty to obey their parents” along with “the preservation of domestic tranquility.” Glaskox, 614 So.2d at 909. Although the doctrine continued to spread after the Hewellette decision, its erosion began in the early 1960s with some courts completely abolishing the doctrine and others severely limiting its application. Id.
¶ 6. In this state, the doctrine of spousal immunity was abolished in the decision of Burns v. Burns, 518 So.2d 1205 (Miss. 1988). In 1992, our supreme court followed the Bums decision by partially abrogating parental immunity in Glaskox. In that case, the court held:
We find Bums, as well as the decisions of jurisdictions abrogating the doctrine of parental immunity, persuasive and join the majority of other jurisdictions which abolish the principle of parental immunity where a minor is injured as a result of her parents’ negligent operation of a motor vehicle. There is no justification for barring children from enjoying the same rights of legal redress for wrongs done to them that others enjoy.
Glaskox, 614 So.2d at 911. In the case of Ales v. Ales, 650 So.2d 482 (Miss.1995), the court abolished an unemancipated child’s immunity from liability involving injuries to the child’s parent arising out of negligent operation of a motor vehicle. The Packs argue that the holding of Glaskox should be extended to allow children such as Johnny Pack to sue their parents regardless of the nature of the alleged act of negligence on the part of the parent.
¶ 7. The Packs present three arguments to support their position to extend Glas-kox. First, they mention the text in Glas-kox where the court stated, “For negligent or tortious conduct, liability is the rule. Immunity is the exception.... No sound justification appears for the fact that the law protects a minor’s contract or property rights, but offers no redress to the child for injury to his person.” Glaskox, 614 So.2d at 911. The Packs cite no other authority following this point and their reliance on it is misplaced. The primary rationale behind the Glaskox decision was the availability of liability insurance coverage. Id. The court was keenly aware that lawsuits by children against their parents would create strains on familial harmony. However, the court opined that such strains had a minimal effect when the parent was covered by liability insurance because the recovery for the child was not being paid directly by the parent but instead by the insurance carrier. Id.
¶ 8. The Packs’ second argument is related to the statement regarding insurance. The Packs point to the text of Glas-kox where the court stated that domestic tranquility is not disrupted when the child sues a parent who has liability insurance. They assert that the rationale of Glaskox should be extended to provide recovery for Johnny Pack. The Packs assert that similar to Glaskox and Ales, the tortfeasor, Karen Pack, was covered by liability insurance. However, the cases are distinguishable. The Packs’ case differs significantly from the facts of Glaskox and Ales in that it does not involve an automobile negligence claim but one of negligent supervision. The Packs’ reliance on the theory of liability insurance as a potential conflict barrier between the parent and the child is misplaced.
*180 ¶ 9. Requirements for automobile insurance coverage are governed by statute in Mississippi. Miss.Code Ann. § 63-15-3Q) (Rev.2003) (citing liability coverage) and § 83-11-101(1) (Rev.1999) (citing uninsured motorist coverage). Parents who are sued by their children or any other person injured by their negligent acts involving an automobile will likely be covered under an insurance policy. Such is not the scenario in the present case. Vincent and Karen Pack paid premiums to Nationwide for coverage under a mobile home policy. This Court will not speculate as to why this type of broad liability coverage existed in their policy. Unlike automobile insurance, this type of coverage was not required under state law and its availability is uncertain. The primary concern in cases such as Glaskox and Ales was the protection of an injured person when the other party had insurance. There is nothing, by law, that requires an insurance carrier to extend the type of liability coverage the Packs had and it is likely that given an extension of Glaskox, the coverage would no longer be provided by the insurance carrier. Essentially, the parent would not have insurance for this type of claim. Therefore, the protective measures addressed in Glaskox are no longer applicable.
¶ 10. The Packs also direct this Court’s attention to the issue of fraud which was mentioned in Glaskox. In that case, the court stated, “The most persuasive argument against abrogation of the parent-child immunity doctrine is the possibility of fraud and collusion. While a possibility, this factor does not justify denial of otherwise meritorious claims.” Glaskox, 614 So.2d at 912. In that case, the court relied on the judicial system to resolve allegations of fraud and collusion. Even considering the judicial system’s role in handling fraudulent lawsuits, this Court is hesitant to adopt a rule which extends Glaskox further than our supreme court decided to by allowing a child to sue his parent in situations which do not involve the parent’s negligent operation of a motor vehicle.
¶ 11. The Packs cite a number of cases from other jurisdictions where the courts have completely abrogated the doctrine of parental immunity or have limited its application in cases where the parent was covered by liability insurance. While these decisions are persuasive, they hold no precedent for this Court. Following the doctrine of stare decisis, we decline the invitation to extend the holding of Glaskox to allow a minor child to sue his parent for negligence not involving the operation of a motor vehicle.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.